## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------

| | | |
|---|---|---|
| ALEXANDER WAHPOE, *individually and on*<br>*behalf of all others similarly situated*<br>4900 Comly Street, Apt. B.<br>Philadelphia, PA 19135; | : <br> : <br> : <br> : | CIVIL ACTION NO. _____ |
| | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | |
| STAFFMORE, LLC<br>2275 Bridge Street<br>Building #5; B-132<br>Philadelphia, PA 19137; and | : <br> : <br> : <br> : | |
| | : | |
| COMMUNITY COUNCIL HEALTH<br>SYSTEMS, INC.<br>1525 Locust Street, 14th Floor<br>Philadelphia, PA 19102 | : <br> : <br> : <br> : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Alexander Wahpoe ("Plaintiff") hereby brings this action against Defendant

Staffmore, LLC ("Staffmore") and Defendant Community Council Health Systems, Inc.

("CCHS") (collectively "Defendants"), and alleges, upon personal belief as to his own acts, and

upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this complaint contending that Defendants have unlawfully failed

to pay him and other similarly-situated individuals employed in the position of Therapeutic Staff

Support ("Class Plaintiffs") overtime compensation pursuant to the requirements of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage

Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.     In addition to these collective/class claims, Plaintiff also asserts that Defendants failed to pay him for approximately three hundred and eighty-seven (387) hours he worked from April 1, 2017 through June 22, 2017, in violation of the FLSA, PMWA, and WPCL, and retaliated against him for engaging in protected activity in violation of the FLSA.

3.     Plaintiff is an employee of Defendants who was employed in the position of Therapeutic Staff Support. During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek. In this regard, Plaintiff contends that Defendants unlawfully misclassified Plaintiff and Class Plaintiffs as independent contractors under the FLSA and PMWA, and failed to accurately track and pay them for all hours worked. Accordingly, Plaintiff contends that Plaintiff and Class Plaintiffs are owed unpaid wage and overtime compensation which were denied them as a result of Defendants' unlawful pay practices.

4.     Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

8.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

9.      Plaintiff Alexander Wahpoe currently resides at 4900 Comly Street, Apt. B, Philadelphia, Pennsylvania 19135.

10.     Upon information and belief, Defendant Staffmore, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with an address registered with the Pennsylvania Secretary of State of 1070 Washington Avenue, Wycombe, Pennsylvania 18980.  Upon information and belief, Defendant Staffmore operates throughout Southeastern Pennsylvania and maintains a principal place of business at 2275 Bridge Street, Building #5; B-132, Philadelphia, PA 19137.

11.     Upon information and belief, Defendant Community Council Health Systems, Inc. is a non-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with an address registered with the Pennsylvania Secretary of State of 1525 Locust St., 14th Floor, Philadelphia, PA 19102.  Upon information and belief, Defendant CCHS operates throughout the City of Philadelphia and maintains a principal place of business at 4900 Wyalusing Avenue, Philadelphia, PA 19131.

12.     Defendants are "private employers" and covered by the FLSA.

13.     Upon information and belief, Defendants Staffmore and CCHS are a joint, single, and/or integrated employer with respect to the individuals Defendant Staffmore places with

3

Defendant CCHS in the position of Therapeutic Staff Support, including, but not limited to Plaintiff and Class Plaintiffs.  Upon information and belief, Defendants share employees and collectively assert control over said individuals for purposes of hiring, firing, discipline, assigned, directing, and setting and enforcing payroll and other administrative policies.

14.     Plaintiff and Class Plaintiffs are employees who have been employed by Defendants during all relevant times hereto and, as such, are employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

15.     At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

18.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the position of Therapeutic Staff Support or in positions with substantially similar job duties, who worked for Defendants at any point in the past three (3) years who were paid on an hourly basis and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").  Plaintiff contends that Plaintiff and Class Plaintiffs were denied overtime compensation due to Defendants' policy and practice

4

of: (a) misclassifying their Therapeutic Staff Supports as independent contractors under the FLSA/PMWA; and/or (b) failing to accurately track and compensate Plaintiff and Class Plaintiffs for all time spent performing certain compensable work designated by Defendants as "non-billable," such as completing paperwork and submitting reports on Defendants' client management software and attending mandatory meetings and trainings.

19.     Plaintiff estimates that there are in excess of fifty (50) other similarly situated Therapeutic Staff Support who either are working or worked for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

20.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendants' misclassification of them as independent contractors and/or failure to compensate them for certain compensable work designated by Defendants as "non-billable," had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendants have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

21.     Plaintiff will request the Court to authorize notice to all current and former

similarly-situated employees employed by Defendants, informing them of the pendency of this

action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of

seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## PMWA CLASS ACTION ALLEGATIONS

22.     Paragraphs 1 through 21 are hereby incorporated by reference as though the same

were set forth fully herein.

23.     Plaintiff brings this action individually, and on behalf of the following state-wide

class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil

Procedure:

> All persons presently or formerly employed by Defendants during the past three
> (3) years in the position of Therapeutic Staff Support or in positions with
> substantially similar job duties who were paid on an hourly basis and denied
> overtime compensation for work performed in excess of forty (40) hours in a
> workweek.

24.     The members of the class are so numerous that joinder of all members is

impractical. Class members may be informed of the pendency of this Class Action by direct

mail.

25.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law

and fact common to the Class, including, but not limited to:

A.     Whether Plaintiff and the Class are entitled to overtime compensation for

services rendered in excess of forty (40) hours per week under the PMWA;

B.     Whether Defendants improperly classified Plaintiff and the Class as

independent contractors rather than employees under the PMWA;

6

C.      Whether Defendants was required to count the "non-billable" work performed by Plaintiff and the Class toward their total hours worked for purposes of calculating overtime compensation under the PMWA;

D.      Whether Defendants failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

E.      Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

F.      Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

G.      Whether Plaintiff and the Class are entitled to liquidated damages under the WPCL.

26.     Plaintiff's claims are typical of the claims of the Class members. Plaintiff is an employee of Defendants who was employed in the position of Therapeutic Staff Support and has suffered similar injuries as those suffered by the Class members as a result of Defendants' failure to pay wages and overtime compensation. Defendants' conduct of violating the PMWA has affected Plaintiff and the Class in the same way.

27.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

28.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

29.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

7

      A.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

      B.     Defendants, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

      C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

30.    A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

8

## FACTUAL BACKGROUND

31.     Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

32.     Plaintiff first began his employment with Defendants in or around September 2014, when he was hired as Therapeutic Staff Support ("TSS")

### Facts Pertaining to the Collective/Class Claims

33.     Paragraphs 1 through 32 are hereby incorporated by reference as though the same were fully set forth at length herein.

34.     In their capacity as TSS, Plaintiff and Class Plaintiffs provide one-on-one therapy according to a treatment plan including behavior modification, emotional support, interventions, reinforcement, and teaching coping techniques.  They also interact and facilitate communications with clients, family members, and/or caregivers.

35.     Plaintiff and Class Plaintiffs' primary job responsibilities in their capacity as TSS include meeting and interacting with clients, family members, and/or school personnel, through face-to-face encounters as well as through email, phone conversations, and text messaging, completing and/or revising behavior modification plans, filling out paperwork, and entering progress notes and other information into Defendants' client management software.

36.     Plaintiff and Class Plaintiffs provide the aforementioned services on a schedule determined by Defendants, who instruct Plaintiff and Class Plaintiffs where and when to report to work.

37.     Plaintiff and Class Plaintiffs are required to perform the aforementioned work in accordance with certain specific guidelines, protocols, and trainings provided by Defendants.

38.     For example, Plaintiff and Class Plaintiffs were/are required to follow a specific treatment plan for each client which is designed and provided by CCHS.

39.     CCHS also directs Plaintiff and Class Plaintiffs with respect to the contents of the progress notes they are required to complete, requires Plaintiff and Class Plaintiffs to attend at least one supervision per month with a Lead Clinician employed by CCHS, and requires Plaintiff and Class Plaintiffs to attend trainings provided by CCHS.

40.     Plaintiff and Class Plaintiffs are overseen by a Lead Clinician who provides feedback, coaching, and any discipline.

41.     Throughout the course of Plaintiff's employment, Defendant CCHS classified a significant portion of its TSS as independent contractors (particularly those whom it jointly employed along with Defendant Staffmore and, upon information and belief, other staffing agencies), while classifying other individuals it employed in the position of TSS as employees within the meaning of the FLSA and PMWA.

42.     Providing TSS services is an integral part of CCHS' business.

43.     Upon information and belief, apart from their classification as independent contractors, Plaintiff and, upon information and belief, Class Plaintiffs, had effectively the same job duties, responsibilities, and conditions of employment as the TSS employed by Defendants as "employees" within the meaning of the FLSA and PMWA.

44.     Plaintiff was compensated on an hourly basis for worked deemed by Defendants to be "billable," and did not receive overtime compensation at a rate not less than 1.5 times his regular rate of pay for any "billable" work performed over forty (40) hours in a workweek.

45.     Rather, Plaintiff was merely paid the same hourly rate for "billable" work performed in excess of forty (40) hours in a workweek.

10

46.     Upon information and belief, Class Plaintiffs were compensated on an hourly basis for worked deemed by Defendants to be "billable," and did not receive overtime compensation at a rate not less than 1.5 times their regular rate of pay for any "billable" work performed over forty (40) hours in a workweek.

47.     Rather, upon information and belief, Class Plaintiffs were merely paid the same hourly rate for "billable" work performed in excess of forty (40) hours in a workweek.

48.     During a typical workday, Monday through Friday, Plaintiff, and upon information and belief, Class Plaintiffs who work as Therapeutic Staff Support, typically begin work at or before 8:00 am, when they are scheduled to arrive at their assigned client's home or school. They continue to work until school ends around 3:30 pm or later if providing after school support. They are then generally required to spend several additional hours filling out paperwork, completing progress reports, and entering information into Defendants' client management software.

49.     As a result, during a typical workweek until late 2017, Plaintiff performed, on average, approximately thirty-seven (37) hours of "billable" work for Defendants, as well as approximately eight (8) to nine (9) hours of work not deemed by Defendants to be "billable," such as completing paperwork, submitting reports on Defendants' client management software, mandatory meetings, training, and interacting with clients over the phone and through email.

50.     For example, Plaintiff worked approximately forty-five (45) hours the week of December 12, 2016, to December 16, 2016, but was not paid overtime.

51.     Defendants misclassified Plaintiff and Class Plaintiffs working as Therapeutic Staff Support as independent contractors, thus determining that they were exempt from the overtime requirements of the FLSA and PMWA.

11

52.    Defendants failed to pay Plaintiff and Class Plaintiffs working as Therapeutic Staff Support any overtime compensation for hours worked over forty (40) in a workweek.

53.    Defendants continues to deny Plaintiff and Class Plaintiffs wages and overtime compensation for certain non-billable, but compensable worked performed by Plaintiff and Class Plaintiffs.

54.    Plaintiff and Class Plaintiffs are/were paid on an hourly basis, and, as such, do not qualify for the executive, administrative, or professional exemptions under the FLSA/PMWA.

55.    Plaintiff and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendants, nor do they make recommendations with respect to employee status changes to which Defendants gives substantial weight.

56.    Accordingly, Plaintiff and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

57.    Plaintiff and Class Plaintiffs do not perform work directly related to Defendants' management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendants.

58.    Accordingly, Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

59.    Plaintiff's and Class Plaintiffs' primary duty did/does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction. In this regard, Plaintiff's and Class Plaintiffs' job duties did not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work. Rather, Plaintiff and Class Plaintiffs were required to perform their job responsibilities in

accordance with specific guidelines, protocols, procedures, and trainings provided by Defendants.

60.     Accordingly, Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

61.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

62.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendants and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

63.     As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## Facts Pertaining to Plaintiff's Individual Claims Under the FLSA, PMWA, and WPCL

64.     Paragraphs 1 through 63 are hereby incorporated by reference as though the same were fully set forth at length herein.

65.     For approximately two and a half years prior to March 2017, Plaintiff had been providing TSS services for a young man with disabilities through Defendants.

66.     During the last week of March 2017, Plaintiff informed the disabled man's mother that her son's authorization for service was set to expire on March 31, 2017, and that, as a result, Plaintiff would no longer be able to service her son after that date.

67.     The disabled man's mother became angry and threatened to sue Defendants.

68.     Plaintiff's supervisor, Eugene George ("Mr. George"), Authorization Specialist with Defendant CCBH, and Wanda Moore ("Ms. Moore"), Manager of Compliance with Defendant CCBH, called Plaintiff and instructed him to continue to provide TSS services for this

13

particular client until Defendants were able to renew his insurance and stated that Plaintiff would be paid for his hours worked as soon as the new request for authorization was approved.

69.     Indeed, even after the client's authorization for service was ultimately disapproved, Mr. George and Ms. Moore instructed Plaintiff to continue working for the client for the last few weeks of the school year and to continue submitting his timesheets, promising that Defendant CCBH would pay Plaintiff in full from extra-budgetary allotments.

70.     At Defendants' instruction, Plaintiff worked with the disabled man from April 1, 2017 through June 22, 2017 for a total of three hundred and eighty-seven (387) hours.

71.     At the time, Plaintiff's pay rate was $15 per hour for services he provided for CCBH through Staffmore.

72.     However, Defendants have refused to pay Plaintiff for this work.

### Facts Pertaining to Plaintiff's Solo Allegations of FLSA Retaliation

73.     Paragraphs 1 through 72 are hereby incorporated by reference as though the same were fully set forth at length herein.

74.     In July 2017, Plaintiff complained to Defendants that it had not paid him for three hundred and eighty-seven (387) hours of work between April 1, 2017 and June 22, 2017.

75.     Plaintiff told Defendants if he was not paid, he might have to bring a lawsuit and Defendants asked him not to bring suit.

76.     Defendants then stopped sending Plaintiff assignments with Defendant CCBH.

77.     When Plaintiff finally was assigned new jobs by Defendants they were with a different client and paid $16 per hour rather than the $24 per hour Plaintiff has previously been receiving.

14

78. Upon information and belief, there were additional case assignments available with Defendant CCBH.

79. It is believed and therefore averred that Defendants stopped assigning Plaintiff work with Defendant CCBH in retaliation for him engaging in protected activity in violation of the FLSA.

80. As a result of Defendants' deliberate, willful, malicious, and unlawful actions Plaintiff has suffered damages, including, but not limited to, loss of earnings and earnings potential and other economic damages and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

## COUNT I
## FAIR LABOR STANDARDS ACT
### 29 U.S.C § 201, *et seq.*
### CLASS CLAIM FOR FAILURE TO PAY OVERTIME COMPENSATION

81. Paragraphs 1 through 80 are hereby incorporated by reference as though the same were full set forth at length herein.

82. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

83. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

84. Defendants misclassified Plaintiff and Class Plaintiffs as independent contractors, rather than employees, within the meaning of the FLSA/PMWA, thus failing to pay them overtime compensation for all hours worked over forty (40) in a workweek.

85. Defendants failed to accurately track and maintain records of all hours worked

15

by Plaintiff and Class Plaintiffs, including, but not limited to, compensable work deemed by Defendants to be "non-billable," such as completing paperwork, submitting reports on Defendants' client management software, and interacting with clients over the phone and through email.

86.    As a result, Defendants failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

87.    The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

88.    Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

89.    Defendants is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A.    An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants in the positions of Therapeutic Staff Support or in positions with substantially similar job duties, who worked for Defendants at any point in the past three (3) years who were paid on an hourly basis and denied overtime compensation at their regular rate of

pay for all hours worked over forty (40) in a workweek, and authorizing Plaintiff' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

   C.  Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

   D.  Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

   E.  Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

   F.  Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

   G.  Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

   H.  Awarding pre- and post-judgment interest and court costs as further allowed by law;

   I.  Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

   J.  For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
## CLASS CLAIM FOR FAILURE TO PAY OVERTIME COMPENSATION

90.     Paragraphs 1 through 89 are hereby incorporated by reference as though the same were fully set forth at length herein.

91.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

92.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

93.     By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

94.     As a result of Defendants' unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE,** Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendants as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and their counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

18

C.      An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.      An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.1, *et seq.***
**(Individual Count of Unpaid Wages)**

95.     Paragraphs 1 through 94 are hereby incorporated by reference as though the same were fully set forth at length herein.

96.     Plaintiff and Defendants entered into an agreement whereby Plaintiff would be compensated at a rate of $24 per hour for the performance of TSS services.

97.     At Defendants' instruction, Plaintiff provided TSS services to Defendants' client as requested, from April 1, 2017 to June 22, 2017.

98.     However, Defendants failed to pay Plaintiff his wages of $24 per hour for the approximately three hundred and eighty-seven (387) hours he worked between April 1, 2017, and June 22, 2017.

99.     The aforementioned hourly pay constitutes "wages" which are due and owing under the Pennsylvania Wage Payment and Collection Law ("WPCL").

100.    Defendants unlawfully violated the WPCL by failing to pay Plaintiff his earned wages.

**WHEREFORE,** as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant him the maximum relief allowed by law, including, but not limited to:

A.      An award to Plaintiff in an amount equal to his unpaid wages;

19

      B.      Liquidated damages of twenty-five percent (25%) under the WPCL;

      C.      An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the

WPCL;

      D.      Pre-judgment interest in an appropriate amount; and

      E.      Such other and further relief as is just and equitable under the circumstances.

## COUNT IV
## BREACH OF CONTRACT
### (Individual Count)

101.      Paragraphs 1 through 100 are hereby incorporated by reference as though the same were fully set forth at length herein.

102.      Plaintiff and Defendants entered into an agreement whereby Plaintiff would be compensated at a rate of $24 per hour for the performance of TSS services.

103.      At Defendants' instruction, Plaintiff provided TSS services to Defendants' client as requested, from April 1, 2017 to June 22, 2017.

104.      Defendants received and appreciated the benefit of the TSS services provided by Plaintiff.

105.      However, Defendants failed to pay Plaintiff his wages of $24 per hour for the approximately three hundred and eighty-seven (387) hours he worked between April 1, 2017, and June 22, 2017.

106.      Defendants failed to fulfill their obligations, duties, and/or promises with respect to paying Plaintiff for performing TSS services for Defendants as aforesaid.

107.      As a direct and proximate result of Defendants' breach of its contractual obligations, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, as a result of Defendants' breach of its agreement to pay Plaintiff, Plaintiff respectfully requests that his Court entered a judgment in his favor and against Defendants and grant Plaintiff the maximum relief allowed by the law, including, but not limited to:

      A.      Compensatory/actual damages in an amount to be determined, including, but not limited to, wages for Plaintiff's hours worked from April 1, 2017 to June 22, 2017 as described above;

      B.      Such other and further relief as the Court may deem just, proper, and equitable.

**COUNT V**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333,** *et seq.*
**(Individual Claim for Failure to Pay Minimum Wages and Overtime Compensation)**

108.     Paragraphs 1 through 107 are hereby incorporated by reference as though the same were fully set forth at length herein.

109.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

110.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

111.     By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff minimum wages and overtime compensation for the approximately three hundred and eighty-seven (387) he worked between April 1, 2017, and June 22, 2017.

112.     By its actions alleged above, Defendants have violated the provisions of the

21

Pennsylvania Minimum Wage Act of 1968 by failing to properly pay Plaintiff for all hours worked.

113.    As a result of Defendants' unlawful acts, Plaintiff has been deprived of compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A.    An award to Plaintiff for the amount of unpaid minimum wages and overtime compensation he is owed for the approximately three hundred and eighty-seven (387) he worked between April 1, 2017 and June 22, 2017.

B.    An award of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C.    An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT VI
## FAIR LABOR STANDARDS ACT
### 29 U.S.C § 201, *et seq.*
### (Individual Claim for Failure to Pay Minimum Wages and Overtime Compensation)

114.    Paragraphs 1 through 113 are hereby incorporated by reference as though the same were full set forth at length herein.

115.    Pursuant to the FLSA, non-exempt employees must be paid no less than the minimum wages for all hours worked, and one and half times their "regular rate" of pay for all hours worked over forty (40) in a workweek.

116.    Defendants failed to pay Plaintiff for three hundred and eighty-seven (387) hours worked between April 1, 2017, and June 22, 2017, resulting in unpaid minimum wages and overtime compensation.

117.    The foregoing actions of Defendants violate the FLSA.

118.    Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

119.    Defendants is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself:

A.    Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

B.    Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation to Plaintiff for all hours worked.

C.    Awarding Plaintiff unpaid minimum wages and overtime compensation in an amount consistent with the FLSA;

D.    Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.    Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

F.    Awarding pre- and post-judgment interest and court costs as further allowed by law;

G.    For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## COUNT VII
## FAIR LABOR STANDARDS ACT
### 29 U.S.C § 201, *et seq.*
### (Individual Claim for Retaliation)

120.    Paragraphs 1 through 119 are hereby incorporated by reference as though the same were full set forth at length herein.

121.    Plaintiff engaged in protected activity under the FLSA by submitting an internal complaint regarding Defendants' failure to pay wages, which resulted in him being denied minimum wages and overtime compensation.

122.    Following Plaintiff's complaint about Defendants' failure to pay him for the approximately three hundred and eighty-seven (387) hours worked between April 1, 2017 and June 22, 2017 as detailed above, Defendants refused to assign him further work with Defendant CCHS, resulting in significant economic damages.

123.    By reason of the foregoing, Defendants, through its agents, officers, servants, and/or employees has violated the FLSA by withholding assignments from Plaintiff in retaliation for engaging in protected activity under the FLSA by submitting an internal complaint about Defendants' failure to pay wages.

124.    As a result of Defendants' deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of earnings and earnings potential, other economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself:

A.    Awarding Plaintiff back pay wages and front pay in an amount consistent with the FLSA;

B.    Liquidated damages under the FLSA;

24

C.     Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

D.     Awarding pre- and post-judgment interest and court costs as further allowed by law;

E.     For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## JURY DEMAND

Plaintiff hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _Michael Groh_

Michael Murphy, Esquire
Michael Groh, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawer.com
Attorneys for Plaintiff

Dated: March 25, 2019

## DEMAND TO PRE\SERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.