**CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This Confidential Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Plaintiff Alexander Wahpoe ("Wahpoe"), on the one hand, and Defendant Staffmore, LLC ("Staffmore") and Defendant Community Council Health Systems, Inc. ("CCHS") (Staffmore and CCHS are collectively referred to herein as the "Defendants"), on the other hand. Wahpoe and Defendants shall collectively be referred to as the "Parties."

**WHEREAS**, on or around March 25, 2019, Wahpoe commenced a lawsuit against Defendants which is currently pending in the United States District Court for the Eastern District of Pennsylvania, Case No. 19-cv-01268-MSG (the "Lawsuit");

**WHEREAS**, the Lawsuit involves claims by Wahpoe related to his alleged employment with Defendants, including, inter alia, that Defendants, whom Plaintiff contends acted as a joint employers, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, et seq., and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, et seq. by misclassifying him as an independent contractor, failing to pay wages and overtime compensation, and ultimately terminating his employment in retaliation for his complaints regarding the same, raising a bone fide dispute, over, among other things, hours worked and compensation owed;

**WHEREAS**, the purpose of this Agreement is to settle fully and finally the Lawsuit and any and all claims and disputes between Plaintiff and Defendants with respect to all wage-and-hour-related matters and Plaintiff's retaliation claims under the Fair Labor Standards Act;

**WHEREAS,** Defendants deny all of the allegations made by Plaintiff and deny any and all liability and damages with respect to the alleged facts or causes of action asserted or that could have been asserted in the Lawsuit and otherwise;

**WHEREAS**, without admitting or conceding any liability or damages whatsoever, and without admitting that any pay or overtime amounts were improperly withheld from Plaintiff, or that Plaintiff was improperly classified, Defendants have agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

**WHEREAS**, Plaintiff's legal counsel has analyzed and evaluated the merits of the claims made against Defendants, and the impact of this Agreement on Plaintiff, and based upon Plaintiff's legal counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Lawsuit, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable or that would not occur for several years, Plaintiff's legal counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of Plaintiff;

**WHEREAS**, the Defendants also wish to settle fully and finally their claims against one another based on the claims asserted by Plaintiff individually in this Lawsuit;

**NOW THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Lawsuit on the following terms and conditions:

**1. Consideration**. In consideration for Wahpoe's agreement to all the terms, conditions, and promises in this Agreement and his agreement to dismiss the Lawsuit with prejudice (subject to the stipulations contained herein with respect to obtaining court approval of this Agreement), Defendants shall, as soon as reasonably practicable, but in no event later than thirty (30) days following Wahpoe's execution of this Agreement, or seven (7) days following the entering of a Court Order approving this Agreement and dismissing the Action with prejudice, whichever occurs later, pay Wahpoe the total amount of Forty-Five Thousand Dollars ($45,000.00) ("Settlement Amount"), inclusive of all costs and attorneys' fees incurred, in full and final settlement of the Lawsuit and all claims related thereto.

a. The Settlement Amount shall be broken down into three (3) separate payments, to be paid as follows:

(i) Staffmore shall issue one check made payable to Alexander Wahpoe, in the amount of Seventeen Thousand Five Hundred Dollars ($17,500.00) and CCHS shall issue one check in the amount of Eleven Thousand Three Hundred Forty Dollars ($11,340.00), and both of these checks shall be made payable to Alexander Wahpoe, which shall not be subject to tax withholdings or payroll deductions, for which Defendants will issue an IRS Form 1099 to Wahpoe.

(ii) CCHS shall issue one check made payable to Murphy Law Group, LLC, in the amount of Sixteen Thousand One Hundred and Sixty Dollars ($16,160.00), representing attorneys' fees and costs, which shall not be subject to tax withholding or payroll deductions, for which Defendants will issue an IRS Form 1099 to Murphy Law Group, LLC.

b. Defendants shall remit payment by delivering the checks identified above to Wahpoe's counsel, Murphy Law Group, LLC, at their offices at Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103.

c. All payments will be reported by Plaintiff in accordance with the requirements of the law. These payments will be in full and complete settlement of any and all claims that were asserted, or could have been asserted, in the Lawsuit or otherwise, by Plaintiff against Defendants, including, without limitation, liquidated damages and any claim for attorneys' fees or costs. Plaintiff acknowledges that he is not otherwise entitled to the Settlement Amount. Plaintiff acknowledges that he has been compensated for all hours worked and no additional compensation is owed to Plaintiff other than what is accounted for in the Agreement.

**2. Order of Court Approval**.

Upon execution of this Agreement, the Parties will present this Agreement to the Court for its approval. The Parties agree to cooperate with one another in the preparation of any motions paperwork which may be necessary to obtain Court approval of this Agreement, although it is understood and agreed that Wahpoe shall bear the primary responsibility for drafting the Parties'

Motion for Approval and accompanying documents. In the event the Court fails to approve the Agreement and enter an order of dismissal of the Lawsuit with prejudice in accordance with this Agreement, the parties shall meet and confer to discuss the Parties' next course of action.

**3. Release and Covenant Not to Sue by Wahpoe.**

a. Wahpoe agrees that he shall irrevocably and unconditionally release, acquit and forever discharge Defendants and their owners, employees, parents, subsidiaries, members, managers, officers, directors, insurers, and attorneys with respect to any and all wage and hour-related claims, known and unknown to him, with the exception of Defendants' obligations to Wahpoe under this Agreement, including any wage and hour claims under state or federal law relating to his employment by or provision of services to Defendants including, without limitation, the failure to pay wages, back wages, overtime, minimum wages, interest, liquidated damages, penalties, attorneys' fees, and any other form of compensation or relief permitted under federal, state or local wage and hour laws, including, but not limited to the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law, as well as any claims for retaliation arising under the Fair Labor Standards Act which he has raised or could have raised in this action Wahpoe agrees that he shall not commence or prosecute, either in concert or individually, any action or proceeding, whether legal, judicial or quasi-judicial, on behalf of himself or any other person or entity, asserting any claims released pursuant to this paragraph against Defendants. This release and waiver does not apply to Wahpoe's right to enforce this Agreement.

b. Nothing in this Agreement is intended to waive claims (i) for unemployment or workers' compensation benefits, (ii) for vested rights under ERISA-covered employee benefit plans as may be applicable on the date Wahpoe signs this Agreement, (iii) that may arise after Wahpoe signs this Agreement, or (iv) which cannot be released by private agreement.

**4. General Release and Waiver of Claims against Plaintiff by Defendants.**

Defendants on behalf of themselves and their parents, subsidiaries, affiliates, officers, directors, managers, and owners hereby release and discharge Wahpoe from any and all actions, causes of action, suits, claims, damages, and demands, which Defendants ever had, or have against Wahpoe, whether known or unknown, from the beginning of his employment with/provision of services to Defendants to the date of this Agreement, but specifically exempting from this Release Wahpoe's obligations to Defendants under this Agreement. This release and waiver does not apply to Defendants' right to enforce this Agreement.

**5. Limited Mutual Release by Defendants.**

Staffmore and CCHS each agree that they shall irrevocably and unconditionally release, acquit and forever discharge one another and their owners, employees, parents, subsidiaries, members, managers, officers, directors, insurers, and attorneys with respect to the claims asserted by Wahpoe individually in this Lawsuit. For the avoidance of doubt, Staffmore and CCHS agree to release one another from claims for indemnification, contribution, and breach of contract with respect to the claims asserted by Wahpoe individually in this Lawsuit as well as any claims based

upon the fact that this particular Lawsuit was filed. To the extent that similar claims are raised in the future by individuals other than Plaintiff, the Defendants do not release one another from such claims.

**6. Non-Admission.**

This Agreement does not constitute an admission of any liability or wrongdoing by Defendants. Wahpoe and Defendants further agree that this Agreement shall not be admissible in any proceeding (within the written consent of the Parties or unless order by a court of competent jurisdiction), except one instituted by either Party alleging a breach of this Agreement.

**7. Taxation and Indemnification.**

Plaintiff acknowledges and agrees that Defendants have made no representations to him regarding the tax consequences of any amounts received by him or their counsel pursuant to this Agreement. Plaintiff agrees to pay the employee's share of federal, state or local taxes, if any, which are required by law to be paid with respect to any funds Plaintiff, or his attorneys, receives pursuant to this Agreement. Plaintiff agrees to indemnify and hold Defendants harmless from any claims, demands, penalties, interest, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against Defendants for any amounts claimed due on account of this Agreement, or pursuant to any claims made as a result of monies paid under this Agreement under any federal, state, or local tax laws, and any costs, expenses, or damages sustained by Defendants by reason of any such claims, including any amounts paid by Defendants as taxes, deficiencies, levies, assessments, penalties, interest, or otherwise. Defendants will notify Plaintiff of any notices received from any federal, state, or local tax authority giving them the opportunity to resolve any tax issue on behalf of both Plaintiff and Defendants.

**8. Mutual Non-Disparagement.**

Plaintiff agrees that he shall not in any way engage in any conduct or make any statement that would disparage Defendants or their employees or customers, or make to or solicit for the media or others, any comments, statements, and the like that may be considered to be derogatory or detrimental to the good name or business reputation of Defendants, its employees, or its customers. Defendants, including their senior management executives, shall not in any way engage in any conduct or make any statement that would disparage Plaintiff, or make to or solicit for the media or others, any comments, statements, and the like that may be considered derogatory or detrimental to the good name or business reputation of Plaintiff. Nothing in this provision, however, shall be construed to prohibit Plaintiff from discussing the fact or substance of the settlement described herein with employees of Defendants.

**9. No Re-apply.**

Plaintiff agrees and recognizes: (a) that his relationship, if any, with the Defendants has ended, (b) he will withdraw all pending applications, if any, for employment or other work with or for Defendants and hereafter will not apply for or otherwise seek employment or work as, or through, an independent contractor with Defendants, or their parents, subsidiaries, affiliates, successors or assigns; and (c) that the Defendants and their parents, subsidiaries, affiliates, successors and assigns have no obligation to employ, hire, reinstate or otherwise engage him in

the future. Plaintiff further agrees and recognizes that if he applies and/or is re-hired by the Defendants or their parents, subsidiaries, affiliates, successors or assigns in the future, this Agreement is sufficient and appropriate legal grounds for denying or terminating his employment or other contractual arrangement.

**10. Representation by Counsel.**

Wahpoe and Defendants both acknowledge and represent that each has had the opportunity to thoroughly discuss all aspects of this Agreement with their attorneys, that they have carefully read and fully understand all the provisions of the Agreement, and that they are voluntarily entering into this Agreement.

**11. Limits on Public Disclosure of Settlement Terms.**

Wahpoe and Wahpoe's counsel agree that they will not issue any press release, answer any press inquiries, or make any website or public social media postings (including, but not limited to, blog posts, Facebook postings, and the like) regarding the terms of this Agreement or any portion thereof. Nothing in the foregoing prohibits Wahpoe or his counsel from submitting court filings necessary to seek Court approval of this Agreement. Wahpoe agrees to instruct his attorneys to comply with the terms of this paragraph applicable to his attorney. .

**12. Neutral Reference.**

Defendants agree that they will respond to all inquiries made by potential employers concerning Wahpoe by providing only a neutral reference consisting of dates of provision of services and position held, and by stating that it is company policy not to provide any additional information regarding prior workers.

**13. Choice of Law and Forum.**

This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to principles of conflicts of law. The United States District Court for the Eastern District of Pennsylvania will retain jurisdiction of this matter to adjudicate any dispute regarding this Agreement.

**14. Enforcement.**

The Parties agree that the United States District Court for the Eastern District of Pennsylvania shall retain jurisdiction for purposes of enforcing the settlement agreement. In the event of a material breach of this Agreement, the prevailing party in any proceeding to enforce the

Agreement shall be entitled to recover costs and reasonable attorneys' fees incurred in enforcing the Agreement.

**15. <u>Waiver</u>.**

Plaintiff waives any and all relief not explicitly provided for herein.

**16. <u>Severability</u>.**

In the event that any provision contained in this Agreement is declared invalid, illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the Release and Covenant Not to Sue by Wahpoe language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. Moreover, if any provision, excluding the Release and Covenant Not to Sue by Wahpoe language, is determined to be invalid, illegal or unenforceable but can be made valid, legal or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal and enforceable.

**17. <u>Jury Waiver</u>.**

The parties hereby expressly waive their rights to a jury trial in the event any party commences an action to enforce the terms and conditions outlined in this Agreement.

**18. <u>Counterparts</u>.**

This Agreement may be executed in counterparts, each of which shall constitute an original and which together shall constitute a single instrument; in addition, any facsimile or PDF copy of any party's executed counterpart of this Agreement (or its signature page thereof) shall be deemed to be an executed original thereof.

**19. <u>Integration</u>.**

This Agreement sets for the entire agreement between Wahpoe and Defendants, and fully supersedes any prior or contemporaneous agreements or understandings between the Parties.

**20. <u>Successors and Assignment</u>.**

This Agreement shall be binding upon and inure to the benefits of the Parties hereto and their respective heirs, administrators, executors, and assigns. Neither this Agreement nor any right

or interest hereunder shall be assignable by Wahpoe or Defendants without prior written consent of an authorized agent of the other party.

**21. Amendment.**

The parties acknowledge that this Agreement cannot be altered, modified or otherwise changed except by a writing signed by all parties to the Agreement. This Agreement is eight (8) pages in length, including the signature page.

**22. Plain Meaning.**

This Agreement will be construed according to its plain meaning and not strictly for or against any Party. The Parties agree that the common-law principles of construing ambiguities against the drafter will have no application here.

**23. Headings.**

The headings of sections and paragraphs herein are included solely for convenience of reference and shall not control the meaning or interpretation of any of the provisions of this Agreement.

**24. Neutral Construction.**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

**THE PARTIES AFFIRM THAT THE ONLY CONSIDERATION FOR SIGNING THIS AGREEMENT ARE THE TERMS STATED HEREIN, AND THAT NO OTHER PROMISES OR AGREEMENTS OF ANY KIND HAVE BEEN MADE TO OR WITH THEM BY ANY PERSON OR ENTITY WHATSOEVER TO CAUSE THEM TO SIGN THIS AGREEMENT. PLAINTIFF STATES AND REPRESENTS THAT HE FULLY UNDERSTANDS THE MEANING AND INTENT OF THIS INSTRUMENT. PLAINTIFF STATES AND REPRESENTS THAT HE HAS CAREFULLY READ THIS AGREEMENT, HAS HAD THE OPPORTUNITY TO CONSULT WITH ATTORNEYS REGARDING THIS AGREEMENT, UNDERSTAND THE CONTENTS HEREOF, FULLY UNDERSTAND HIS OBLIGATIONS UNDER THIS AGREEMENT, INCLUDING WITHOUT LIMITATION ITS PROVISIONS LIMITING PUBLIC DISCLOSURE OF THE SETTLEMENT TERMS, THAT HE FREELY AND VOLUNTARILY ASSENTS TO ALL THE TERMS AND CONDITIONS OF THIS AGREEMENT, AND THAT HE SIGNS THE SAME AS HIS OWN FREE ACT.**

**IN WITNESS WHEREOF**, I have hereunto set my hand and seal on the dates set forth below.

ALEXANDER WAHPOE

DocuSigned by:
[signature]
321763F0678A437...

10/6/2020

Alexander Wahpoe

Date

STAFFMORE, LLC

By:______________________________ ______________________________
Name:__________________________ Date
Title:___________________________

COMMUNITY COUNCIL HEALTH
SYSTEMS, INC.

By:______________________________ ______________________________
Name:__________________________ Date
Title:___________________________