IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDER WAHPOE,** *individually and on behalf of all others similarly situated* | : : : | **CIVIL ACTION** |
| **Plaintiff,** | : : | **No. 19-1268** |
| v. | : : : | |
| **STAFFMORE LLC,** *et al.* | : : : | |
| **Defendants.** | : : : | |

# ORDER

**AND NOW**, this 13th day of October, 2020, upon consideration of the Plaintiff's Unopposed Amended Motion for Approval of Settlement (ECF No. 44), it is hereby **ORDERED** that the motion is **GRANTED** as follows:

1. In my September 16, 2020 Memorandum Opinion, I found the parties' proposed Settlement Agreement to be fair and reasonable in all respects, save two—I concluded that the confidentiality clause was too restrictive (Section IV.D.I) and that the release provision was too broad (Section IV.D.II).

2. In response, the parties submitted an Amended Settlement Agreement on October 6, 2020. (ECF No. 44.)

3. In their Amended Settlement Agreement, the parties first replace the prior confidentiality clause with language reflecting that the parties "will not issue any press release, answer any press inquiries, or make any website or public social media postings . . . regarding the terms of this Agreement or any portion thereof." (Amended Settlement Agreement ¶ 11,

ECF No. 44.)  Implementation of this clause would not frustrate the purpose of the Fair Labor Standards Act ("FLSA") because the clause only bars Plaintiff from discussing the settlement with the media—he is not otherwise barred from discussing the lawsuit with Defendants' employees.  See McGee v. Ann's Choice, Inc., No. 12-2664, 2014 WL 2514582, at *3 (E.D. Pa. June 4, 2014); In re Chickie's & Pete's Wage & Hour Litig., No. 12–6820, 2014 WL 911718, at *3 (E.D. Pa. Mar. 7, 2014).  As such, I find that the parties' amended confidentiality clause passes muster.

4. Second, the parties have replaced the prior release language with a more narrowly-tailored release limited to "any and all wage and hour-related claims . . . permitted under . . . the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment and Collection Law, as well as any claims for retaliation arising under the Fair Labor Standards Act . . ." (Amended Settlement Agreement ¶ 13.)  District courts reviewing proposed FLSA settlements frequently require litigants to limit the scope of waiver and release provisions to "claims related to the specific litigation."  Singleton v. First Student Mgmt. LLC, No. 13-1744, 2014 WL 3865853, at *8–9 (D.N.J. Aug. 6, 2014).  The parties' amended release only incorporates claims asserted in the lawsuit or claims that could have been asserted in this lawsuit.  Therefore, I conclude that the amended release provision does not frustrate the purpose of the FLSA.

5. Based on these amendments and the reasons set forth in my September 16, 2020 Memorandum Opinion, I find that the parties' Settlement Agreement and Amendment to the Settlement Agreement (collectively, the "Settlement Agreement") is approved as fair, reasonable, and adequate, and a fair and reasonable resolution of a *bona fide* dispute under the FLSA.

6. The settlement award in the total amount of $45,000 to Plaintiff is approved.

7. Plaintiff's counsel's attorneys' fees and costs in the total amount of $16,160 are also approved.

8. Plaintiff's putative collective and class FLSA action is hereby **DISMISSED with prejudice** against Defendants in accordance with the terms of the Settlement Agreement. I hereby enter final judgment in this case, and, there being no reason to delay entry of this final judgment, the Clerk of Court is directed to enter this final judgment forthwith pursuant to Federal Rule of Civil Procedure 54(b).

9. Without affecting the finality of this final judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the named Plaintiff, and Defendants for purposes of supervising the implementation and enforcement of the Settlement Agreement, this Order, and all settlement administration matters.

10. The Clerk of Court is directed to mark this action as **CLOSED**.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**